UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEFF COLLINS,<br><br>    Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE TRAVELERS COMPANIES; AND THE TRAVELERS COMPANIES, INC.,<br><br>    Defendants. | 5:15-CV-05047-JLV<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

**INTRODUCTION**

This is a bad faith diversity action brought by Plaintiff, Jeff Collins, against Defendants, St. Paul Fire and Marine Insurance Company and the Traveler's Companies, Inc. (hereinafter collectively referred to as "St. Paul/Travelers"). (Doc. 1). Pending before the court is a motion filed by Collins to compel St. Paul/Travelers to provide certain discovery. (Doc. 38). The presiding district judge, the Honorable Jeffrey L. Viken, Chief Judge, referred this motion to this magistrate judge for a decision. (Doc. 43).

**FACTS**

The facts as pertinent to the pending motion are as follows. Collins sustained a work related injury and underwent multiple back surgeries. St. Paul/Travelers paid for these surgeries, along with total disability benefits. St. Paul/Travelers terminated Collins' disability benefits after his eighth back

1

surgery.  Approximately 8½ months later, Collins' physician prescribed another surgical procedure.  St. Paul/Travelers required Collins to undergo a medical evaluation by Nolan Segal, M.D.  Initially, St. Paul/Travelers denied coverage for the recommended surgery.  Collins underwent the surgical procedure which was paid for by his own health insurer.  Thereafter, St. Paul/Travelers reimbursed Collins' health insurer.  Collins and St. Paul/Travelers negotiated a settlement of his worker's compensation claim.

Collins thereafter initiated this civil action against St. Paul/Travelers, alleging bad faith denial of his medical care (surgery), denial of temporary total disability benefits, and conditioning a term of the settlement upon Collins releasing a bad faith claim.  St. Paul/Travelers denies that it acted in bad faith and asserts the affirmative defense of failure to state a claim upon which relief may be granted.

## DISCUSSION

### I.    Whether Plaintiff Has "Met and Conferred" With Defendant

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

St. Paul/Travelers argues that Collins failed to meet his burden to meet and confer because the January 6, 2016, meeting was held prior to Collins

filing his amended complaint and while St.Paul/Travelers was supplementing its discovery responses.  (Doc. 44, p. 4).

The moving party's motion may contain the equivalent of this certification in which the attorney "confirms that it has attempted in good faith to resolve this discovery dispute [with opposing counsel]" prior to filing the motion.  See Highmark, Inc. v. Northwest Pipe Co., No. CIV 10-5089-JLV, 2012 WL 997007, *4 (D.S.D. Mar. 23, 2012).

"The purpose of the meet and confer requirement is to force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion."  Robinson v. Napolitano, No. CIV. 08-4084, 2009 WL 1586959, *3 (D.S.D. June 4 2009) (internal quotations omitted) (citing Alexander v. Federal Bureau of Investigation, 186 F.R.D. 197, 199 (D.D.C. 1999)).

The parties' briefing and exhibits set forth the actions taken by the parties which Collins' believes met the meet and confer requirements.  The court will accept this description as equivalent to the required certification and finds that Collins has satisfied its duty to confer in good faith with counsel for St.Paul/Travelers to try to work out these differences before filing the instant motion.  Therefore, the court will consider the motion on its merits.

## II.  Whether the Discovery Must be Provided

### Scope of discovery

The scope of discovery for civil cases is set forth in Federal Rule of Civil Procedure 26(b)(1) which provides as follows:

3

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

"A party seeking discovery is merely required to make a threshold showing of relevance, which is more relaxed than the showing required for relevance in the context of admissibility." Klynsma v. Hydradyne, LLC, No. CIV. 13-5016-JLV, 2015 WL 5773703, *16 (D.S.D. Sept. 30, 2015) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978)). The party resisting discovery must show specifically how each request is irrelevant or unduly burdensome. Klynsma, 2015 WL 5773703 at *16 (citing St Paul Reinsurance Co., 198 F.R.D. at 512).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36-37 (1970)(hereinafter "Wright & Miller"). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." 8 Wright & Miller, ' 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct.

4

385, 392, 91 L. Ed. 2d 451 (1947)). The Federal Rules distinguish between discoverability and admissibility of evidence. FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2) & (c). Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. These considerations are not inherent barriers to discovery, however.

"Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972).

Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery. See FED. R. CIV. P. 26(b)(1). Additionally, the court may limit the frequency and extent of discovery. See FED. R. CIV. P. 26(b)(2); see also Roberts v. Shawnee Mission

5

Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.").

### A. Whether the court should overrule all of defendant's boilerplate "General Objections."

In both St. Paul/Traveler's Interrogatory Answers and Responses to Request for Production of Documents, Defendants set forth a plethora of "General Objections" which are then specifically incorporated into each answer or response.  (Doc. 39-3, p. 1-2; Doc. 39-4, p. 1-2).  The stated grounds for the 14 general objections used in both the Answers and Responses include the following: overly broad, unduly burdensome, harassing, vague, ambiguous, irrelevant, undefined terms, attorney-client or work product privileges, seeks information from non-parties, seeks information outside the possession and control of defendant, not causally related to the handling of plaintiff's claim, trade secrets, 3rd party plaintiffs are not entitled to relief, and its reservation of right to supplement or modify its answers or responses.

In defense of these general objections, St. Paul/Travelers argues that it was merely preserving its objections. Additionally, it argues that these objection were made, in part, to point out the expansive scope of discovery

sought by Collins.  Neither of these reasons form the basis to either preserve any valid objection or withhold information.  The Federal Rules of Civil Procedure require a party objecting to discovery to show specifically how each discovery request is irrelevant or otherwise not subject to discovery.  Kooima v. Zacklift Intern, Inc., 209 F.R.D. 444, 446 (D.S.D. 2002).  The court overrules St. Paul/Travelers' general objections.

    **B.**    **Interrogatories**

        **1.**    **Interrogatory 2- knowledge each person possesses.**

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information.  Accordingly, Collins' motion to compel as it relates to Interrogatory 2 is denied as moot. (Doc. 46, p. 8).

        **2.**    **Interrogatory 1 and 2- address and telephone number**

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information.  Accordingly, Collins' motion to compel as it relates to Interrogatory 1 & 2 are denied as moot.  (Doc. 46, p. 9).

        **3.**    **General objections based on Hein v. Acuity and DeKniffer v. General Casualty Co.**

A part of the general objections, St. Paul/Travelers lodge nonspecific objections based on Hein v. Acuity, 731 N.W.2d 231 (S.D. 2007) and DeKnikker v. General Cas. Co.,  2008 WL 1848144 (D.S.D. April 23, 2008).  Collins argues that DeKnikker was distinguished and effectively overruled by Kirschenmann v. Auto-Owners, 280 F.R.D. 474 (D.S.D. 2012) and Hein's application is irrelevant

7

to Collins' discovery requests. The court overrules St. Paul/Traveler's general objection based on the same rationale set forth in the previous discussion regarding boilerplate objections. St. Paul/Traveler's objection fails to identify a particular discovery request and they fail to identify a specific privilege. The court overrules St. Paul/Travelers' objections based on <u>Hein</u> and <u>DeKnikker</u>, because it fails to object with specify how each discovery request is irrelevant or otherwise not subject to discovery.

### 4. Interrogatories 3, 4, 13, and 14

**Interrogatory 3 & 4: Identity of St. Paul/Traveler's IT person; persons most familiar with how defendants keep and maintain records about medical providers and who examine injured workers**

Both of these Interrogatories are resisted on the same basis. Accordingly, the Court will address them together.

Collins' Interrogatory 3 seeks the identity of the person most familiar with St. Paul/Traveler's electronic claims systems and electronic claims database. In response thereto, St. Paul/Traveler's answered with the following, "...the persons most familiar with the electronic claims in the matter of <u>Collins v. United Building Center and Travelers</u> would be the claims adjusters and supervisors handling the specific claim." (Doc. 45-5, p. 9). In his brief, Collins set forth the rational for obtaining this information as follows:

[A]n information technology witness knows the information that the company has available. I have deposed such witnesses and learned information that I did not get from anyone else. An IT witness knows where information is and how to find it. As non-exclusive examples; perhaps the

company tracks each adjuster's allowance of denial rates; perhaps the company tracks how much money each adjuster pays out in claims; perhaps the company track which "IME" physicians are chosen for which states, and how much money each "IME" adjuster [sic] save the company. . . . A company lives on information, and I'm entitled to find out what information the company has, and what it does with that information, and who has access to that information, etc.  (Doc. 41, p. 11).

Collins' Interrogatory 4 seeks the identity of the person who is most familiar with how records are maintained and what records are maintained. After lodging that the interrogatory was unduly burdensome and not calculated to lead to discovery of admissible evidence, St. Paul/Travelers again responded that the person most knowledgeable with the maintenance and retention of these records would be "the claims adjusters and supervisors assigned to that particular claim."  (Doc. 45-5, p. 9).

St. Paul/Travelers defends its responses saying that to locate a person would be unduly burdensome, not calculated to lead to the discovery of admissible evidence, and that the answer provided is sufficient.  The court finds St. Paul/Traveler's answer woefully insufficient and its objections without merit.  The court is skeptical that a claims adjuster or their supervisor would be as knowledgeable about record retention and the electronic claims systems. As the court has previously observed, "As businesses, including the insurance industry, move to electronic records, more and more of the heart of the business is stored in computer data bases. Often the end user of these systems

9

has little insight into the information available as a whole. Often access to the whole of the information available is restricted. If one seeks an overview of what is stored, where it is stored, how to access that information, and who may access it, an IT person is the likely best person to provide that information. Rather than being unnecessary, it is probably the most efficient way for [a plaintiff] to obtain the obviously relevant information." Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 515 (D.S.D. 2015).  The interrogatories are specific and clear.  St. Paul/Traveler's answers to these interrogatories were evasive or incomplete. The court grants Collins' motion to compel as to Interrogatory 3 & 4.

**Interrogatory 13:  Facts supporting affirmative defense**

Collins requested St. Paul/Travelers to identify each fact which supports each affirmative defense.  St. Paul/Travelers objects and argues that the court should defer in requiring a response until the close of discovery.  Rule 1 of the Federal Rules of Civil Procedure instructs that these rule, "should be construed, administered, and employed by the court and the parties to secure the judge, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.  Although permissible under Fed.R.Civ.P 33(a)(2) for the court to order that the answer be given at the close of discovery or at a pretrial conference as argued by St. Paul/Travelers, doing so would not result in the speedy and inexpensive determination of the action.  On the contrary, if St. Paul/Travelers have facts which support an affirmative defense and they are not required to produce them after discovery is closed, it likely will lead to

10

discovery being re-opened and witnesses being re-deposed. St. Paul/Travelers must identify facts supporting its affirmative defenses. The court grants Collins' motion to compel as to Interrogatory 13.

### Interrogatory 14: Identify location of documents not in its possession or control

Collins sought to have St. Paul/Travelers identify any person or entity who is in possession of any document requested by the defendant, which is not in the possession of St. Paul/Travelers. In response, St. Paul/Travelers objected on the grounds of attorney-client and work-product privileges, then states that it will only respond for itself and not for what other person or entities may have in their possession. Collins' motion to compel is granted to the extent that if St. Paul/Travelers is aware of any person or entity who has possession or any document which is requested by the defendant, it must identify those persons. St. Paul/Travelers must supplement its response if additional persons/entities with documentation become known to it at a later date

### III. Request for Production

**2.    Request for Production 3: All documents that allow reconstruction of activities relative to Collins worker's compensation benefits outside the dates of May 10, 2011, to August 28, 2014**

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information. Accordingly, Collins' motion to compel as it relates to Request for Production 3 is denied as moot. (Doc. 46, p. 12).

11

### 3. Request for Production 4: Personnel files of Anne Denny, Mary Jo Gray, their supervisor, the supervisor's supervisor, and the supervisor of the supervisor to the supervisor.

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information. Accordingly, Collins' motion to compel as it relates to Request for Production 4 is denied as moot. (Doc. 46, p. 13).

### 4. Request for Production 5: Employment agreements

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers confirmed that no such information exists. Accordingly, Collins' motion to compel as it relates to Request for Production 5 is denied as moot. (Doc. 46, p. 14).

### 5. Request for Production 6 & 7: Bates number of organizational charts

Collins concedes that St. Paul/Travelers provided Bates stamp numbers for Request for Production 6 & 7. Accordingly, as the motion relates to the Bates numbers for RFP 6 & 7, the motion is denied as moot.

As it relates to organizational chart that includes Stephanie Larson, the court finds this document relevant and discoverable. The court grants the motion and St. Paul/Traveler's shall either produce an organizational chart containing Stephanie Larson, or otherwise identify where on the organizational chart she would be located.

**6.     Request for Production 8: quality assurance audits**

Collins seeks all quality assurance audits since January 1, 2009, to the present.  St. Paul/Traveler's provided all quality assurance audits as it pertains to the Collins cases.  Collins moved to compel on the grounds that the request seeks all quality assurance audits on all claims handlers and supervisors, not merely those conducted on Collins' case.  This court has traditionally required disclosure of quality assurance audits in insurance bad faith cases.  Lyon v. Bankers Life and Cas. Co., Civ. No., 09-5070-JLV, 2001 WL 124629 (D.S.D. January 14, 2011).  "Claims adjusters are frequently reminded that their job is to pay "nothing more, nothing less" than a claim requires. In re Farmers Insurance Exchange, 481 F.3d 1119, 1125 (9th Cir.2007). Claims adjusters may be "subject to quality assurance audits at any time.... The primary goal of the audits is to determine 'lost economic opportunity,' a subjective assessment of the difference between what was paid and what could have been paid if the adjuster had correctly handled the claim." Id. "The audits ensure that adjusters are following FIE's 'best practices,' which are any actions that can be implemented to prevent lost economic opportunity." Lyon, 2001 WL 124629 at ¶9.  However, the court also has found it appropriate to limit those audits to the auditors and reports associated with the plaintiff's claim.  Id.  St. Paul/Traveler's has provided these materials.  Accordingly, the court denies the motion to compel as it relates to Request for Production 8.

### 7. Request for Production 10 & 11: salary, bonuses, commissions, awards, or incentive pay

Collins concedes that his is able to identify the documents relating to compensation and therefore, he is abandoning his request that the court order St. Paul/Traveler's identify the relevant Bates numbers. Accordingly, this portion of the motion is denied as moot.

However, Collins asks the court to order St. Paul/Travelers either produce the document or state that they have produced the material requested. Collins' motion to compel is granted only to the extent that if there are any such documents that have not been produced, it immediately must make reasonable and thorough efforts to identify documents either in paper or electronic form that are responsive to Collins' request and to supplement its response if additional documents become known to it at a later date.

### 8. Request for Production 12 & 13: Goals, target, objective for claims payments, loss ratios

The discovery request for information to address efforts to reduce loss ratios or claims severity costs is discoverable information and is historically required to be produced by this court. Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 486 (D.S.D. 2012); Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 513 (D.S.D. 2015); Dziadek v. Charter Oak Fire Ins. Co., No. CIV 11-4134-RAL, 2014 WL 820049, at *13 (D.S.D. Mar. 3, 2014).

Collins' motion to compel is granted only to the extent that if there are any such documents that have not been produced, it immediately must make

14

reasonable and thorough efforts to identify documents either in paper or electronic form that are responsive to Collins' request and to supplement its response if additional documents become known to it at a later date.

**9-11. Request for Production 16: transcripts from cases outside South Dakota; Request for Production 17: complaints made to state insurance departments outside South Dakota; Request for Production 18: regulatory actions outside South Dakota**

The discovery request for transcripts, complaints made to state insurance departments, and regulatory actions outside South Dakota has been found to be relevant and discoverable and are historically required to be produced by this court. Lyon v. Bankers Life & Cas. Co., No. CIV. 09-5070-JLV, 2011 WL 124629 (D.S.D. Jan. 14, 2011); Nye v. Hartford Acc. & Indem. Co., No. CIV. 12-5028-JLV, 2013 WL 3107492 (D.S.D. June 18, 2013); Lillibridge v. Nautilus Ins. Co., No. CIV. 10-4105-KES, 2013 WL 1896825 (D.S.D. May 3, 2013). The court will grant to motion to compel as it relates to Request for Production 16, 17, and 18.

**12.    Request for Production 19, 20, 21, 22, and 23: specify whether defendants have produced all the materials requested.**

Collins' motion to compel is granted only to the extent that if there are any such documents that have not been produced, it immediately must make reasonable and thorough efforts to identify documents either in paper or electronic form that are responsive to Collins' request and to supplement its response if additional documents become known to it at a later date.

15

**13.     Request for Production 24: agreements to defend this case, pay for defense, indemnify the award**

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information. Accordingly, Collins' motion to compel as it relates to Request for Production 24 is denied as moot. (Doc. 46, p. 27).

**14.     Request for Production 26: whether the manuals, guides, etc. that have been produced are all the materials requested**

Collins' motion to compel is granted only to the extent that if there are any such documents that have not been produced, it immediately must make reasonable and thorough efforts to identify documents either in paper or electronic form that are responsive to Collins' request and to supplement its response if additional documents become known to it at a later date.

**15.     Request for Production 27, 28, & 29: Dr. Segal's records**

As it relates to Request for Production 27, Collins sought all "documents, including manuals, directives, guidelines, rules, internal newsletters, training information, procedures, and email that you distributed to claims personnel from January 1, 2009, to the present, that mention Nolan Segal, M.D." (Doc. 45-6, p. 14). St. Paul/Traveler's objected on the grounds that the request is beyond the scope of discovery, is vague and ambiguous, overly-broad, unduly burdensome, oppressive, privilege, and work product. Collins' claim, in part, is grounded in the belief that St. Paul/Traveler's selected Dr. Segal as their IME physician because he is biased in St. Paul/Traveler's favor. The court finds

16

these documents are relevant or likely to lead to relevant information as to whether Dr. Segal is biased, whether St. Paul/Traveler's knew he was biased, and therefore employed him as a means to deny claims. The court grants the motion to compel as it relates to Request for Production 27.

As it relates to Request for Production 28 and 29, Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information. Accordingly, Collins' motion to compel as it relates to Request for Production 28 and 29 is denied as moot. (Doc. 46, p. 12).

### 16. Request for Production 40: nurse case manager documents held by attorney Charles Larson

Collins' motion to compel is granted only to the extent that if there are any such documents that have not been produced, it immediately must make reasonable and thorough efforts to identify documents either in paper or electronic form that are responsive to Collins' request and to supplement its response if additional documents become known to it at a later date.

### 17. Request for Production 44: public financial statement

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Traveler's provided the requested information as to Defendant St. Paul. (Doc. 46, p. 31). Accordingly, the motion is denied as moot as it relates to St. Paul.

However, Travelers has not provided the same information to Collins as it pertains to Travelers. It maintains that this information is publicly held information. The information is relevant and discoverable. St. Paul/Travelers

17

is in a better position to obtain accurate information and provide the same to Collins. The motion to compel as it relates to Travelers is granted.

### 18. Request for Production 45: billing records of Charles Larson

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information. (Doc. 46, p. 32). Accordingly, Collins' motion to compel as it relates to Request for Production 45 is denied as moot.

### 19. Request for Production 46: disciplinary actions re: Collins' worker's compensation claim

Collins acknowledges that subsequent to filing the motion to compel, St. Paul/Travelers provided the requested information. (Doc. 46, p. 32). Accordingly, Collins' motion to compel as it relates to Request for Production 46 is denied as moot.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that plaintiff's motion to compel [Doc. 39] is granted in part and denied in part as more specifically described above. It is further

ORDERED that plaintiff shall provide the requested discovery within 21 days of the date of this order.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

      DATED this 30th day of September, 2016.

                                BY THE COURT:

                                DANETA WOLLMANN
                                United States Magistrate Judge